# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Neha Desai, et al.,**

  **Plaintiffs,**

v.                 Case No. 3:18-cv-118
                    Judge Thomas M. Rose

**CareSource, Inc.,**

  **Defendant.**

---

**ENTRY AND ORDER GRANTING IN PART PLAINTIFFS' JURISDICTIONAL MOTION FOR REMAND AND REQUEST FOR COSTS AND EXPENSES PURSUANT TO 28 U.S.C. §1447. (ECF 5). THE CLERK IS ORDERED TO REMAND THIS CASE TO THE MONTGOMERY COUNTY COURT OF COMMON PLEAS. PLAINTIFFS' REQUEST FOR COSTS AND EXPENSES IS DENIED.**

---

Pending before the Court is Plaintiffs' Motion to Remand (ECF 5) this putative class action to the Montgomery County, Ohio Court of Common Pleas and to order appropriate costs and expenses in favor of Plaintiffs in connection with removal. Plaintiffs assert that none of their claims raise a federal question.

## I.  Background

Plaintiffs assert that they purchased health insurance from Defendant CareSource through the Federal Health Insurance Marketplace exchange under the Patient Protection and Affordable Health Care Act or ACA. Compl. at ¶ 35.

Plaintiffs claim they researched available plans offered through the exchange, and that they were attracted to CareSource's allegedly broad network of providers and large marketplace

directory. Id. at ¶ 36. Plaintiffs allege they were damaged by CareSource misrepresenting its Network of Providers and Marketplace Directory by way of paying increased premiums. Id. at ¶ 37.

To support their claims, Plaintiffs rely on the "Network Adequacy Standards" established by the ACA. The Complaint asserts that "CareSource's provider directory is wholly inadequate, inaccurate, incomplete, and misleads current and prospective enrollees." Id. at ¶ 14.

Plaintiffs' Complaint asserts state-law claims, including one for injunctive relief "requiring CareSource to develop and implement an adequate system for ensuring the accuracy of its online provider directory...." Id. at ¶ 153. There is a description of an adequate system in 45 CFR § 156.230. At the same time, CareSource is alleged to have publicized how it would maintain its provider directory in ways it is alleged to have failed. According to Plaintiffs, CareSource made the following representation through its website at the "Find a Doctor/Provider" link:

> Find a Doctor/Provider is an online Provider Directory. It lists the providers you can go to. Your Primary Care Provider (PCP) is the doctor you see for your regular health care. You may need to see your PCP first before you go to other doctors.
>
> We update Find a Doctor /Provider every day. You can find the date of the most recent update at the bottom of each page. We ask our providers to let us know:
>
> • When they have a new address or phone number
> • If they are accepting new patients
> • If they have age limits for the patients they'll see
> • Which hospitals they can admit patients to
> • What languages they speak

ECF 2, PageID 231, ¶ 118.

Count One alleges "Violations of Ohio Statutory Health Insuring Corporation Law — Deceptive Practices (ORC §1751.20; 1751.31)." According to Plaintiffs, CareSource engages in

an ongoing pattern and practice of publishing fraudulent and negligent misrepresentations regarding the accuracy and size of its Network of Providers and Marketplace Directories.

Count Two alleges "Breach of Contract." According to Plaintiffs, the identity of Network Providers is a material term of the contract. Because there are allegedly significantly fewer providers in CareSource's network than what is represented in its directory, members of CareSource's Plans do not receive the full benefit of what they bargained for when they selected the Plan.

Count Three alleges "Insurance Bad Faith." According to Plaintiffs, CareSource regularly and repeatedly fails to accurately update its list of providers and continues to identify doctors who are not in their network, and in many cases, lists doctors that have specifically asked to be removed from CareSource's network, contrary to CareSource's representation on Ohio's Marketplace website that it updates the online provider directory daily.

Count Four alleges "Negligent Misrepresentation." According to Plaintiffs, CareSource has not used reasonable care or competence in communicating an accurate list of its Network of Providers and Marketplace Directories.

Count Five alleges "Constructive Fraud." Plaintiffs allege CareSource failed to live up to its claims made on its website at the "Find a Doctor/Provider" link.

Count Six alleges as an alternative pleading "Unjust Enrichment." According to Plaintiffs, by paying premiums to CareSource for health insurance coverage, Plaintiffs and class members conferred a benefit upon CareSource. According to Plaintiffs, CareSource's retention of premiums paid by Plaintiffs and Class members is unjust and engaged in with bad faith and/or ill will under the circumstances presented.

Count Seven seeks "Declaratory Relief." Count Eight seeks injunctive relief. Plaintiffs seek an Order requiring CareSource to develop and implement an adequate system for ensuring the accuracy of its online provider directory on at least a monthly basis within 90 days of said Order.

## II. Standard of Review

A motion to remand is determined in light of the law surrounding removal. The procedure for removal of an action to federal court is found in 28 U.S.C. § 1441(a), which provides:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by defendant or defendants, to the district court of the United States for the districts and division embracing the place where such action is pending....

28 U.S.C. § 1441(a). It is well settled that the party seeking removal bears the burden of establishing its right thereto. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-98 (1921). The removal petition is to be strictly construed, with all doubts resolved against removal. *Her Majesty The Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989).

On a motion for remand, the question is whether the district court lacks subject matter jurisdiction. 28 U.S.C. 1447(c). In other words, the issue is whether the case was properly removed in the first instance. *Provident Bank v. Beck,* 952 F. Supp. 539, 540 (S.D. Ohio 1996). In matters concerning the existence of a federal law question or diversity of citizenship, the right of removal is determined by pleadings, viewed as of the time when petition for removal is filed. *Albright v. R.J. Reynolds Tobacco Co.,* 531 F.2d 132 (3d Cir. 1976).

Any doubts resolving federal jurisdiction should be resolved in favor of remand. *Hechten v. Nationwide Fire Ins. Co.*, 2015 U.S. Dist. LEXIS 5103 (S.D. Ohio, 2015); *Nat'l City Bank v.*

*Aronson*, 474 F. Supp. 2d 925, 2007 U.S. Dist. 11880 (S.D. Ohio, 2007) (removal petitions are to be strictly construed, with all doubts resolved in favor of remand); *Safe Workers' Org. v. Ballinger*, 389 F. Supp. 903, 1974 U.S. Dist. Lexis 5696, (S.D. Ohio 1974); See also, *Diamed, LLC. V. Diamed United States, LLC*, 2011 U.S. Dist., LEXIS 47280 (N.D. Ohio 2011) (all doubts regarding removal must be resolved in favor of remand); *Hardy v. Square D. Co.*, 199 F. Supp. 2d 676, 2002 U.S. Dist. LEXIS 7629, (N.D. Ohio 2002).

**III.     Analysis**

Defendant would essentially have the Court rule that the ACA has completely preempted state insurance law, or, at the very least, the causes of action presented in the Complaint. No court has yet so ruled. Two Courts have persuasively ruled to the contrary. The Court notes a decision from the Eastern District of Virginia:

> In the instant case, federal law does not create the cause of action asserted. In essence, the Complaint states a breach of contract claim and seeks a declaration that the Defendant has not complied with the terms of the parties' contract, which incorporated compliance with both federal and state laws as a condition of the contract. See Compl. ¶¶ 64-68. Generally, the rights and obligations under the parties' contract are governed by state law. See *Volt Info. Scis., Inc. v. Bd. Of Trs.*, 489 U.S. 468, 474 (1989). The parties, and the court, agree that §2706 of the ACA does not create a private right of action. See Def's Mem. Opp'n at 15; Pl.'s Mem. Supp. Mot. Remand at 6. However, although a private right of action is a sufficient condition, federal question jurisdiction will exist in this case only if the Plaintiff's state law claims necessarily depend on resolution of a substantial question of federal law.
>
> ***
>
> … The Plaintiff's suit does not "necessarily raise' an issue of federal law. As the Court of Appeals for the Fourth Circuit has recognized, "a plaintiff's right to relief for a given claim necessarily depends on a question of federal law only when every legal theory supporting the claim requires the resolution of a federal issue."

*Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 182 (4th Cir. 2014) (quoting *Dixon*, 369 F/3d at 816). Therefore, "if the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for purpose of § 1331." *Dixon*, 369 F.3d at 817.

*Dominion Pathology Labs., P.C. v. Anthem Health Plans of Virginia, Inc.*, 111 F. Supp. 3d 731 (E.D. Va. 2015). Such is also the case here. Plaintiff can assert that Defendant failed to uphold the promises made irrespective of whether they were made to comply with federal law.

The Court also notes a case from the Northern District of Texas:

> Plaintiffs seek to remand this civil action on the basis that: (1) their state law claims are not completely preempted by the Affordable Care Act; and (2) their state law claims do not necessarily depend on the resolution of a substantial question of federal law because (i) there is no federal issue necessary to resolve their state law claims, (ii) there is no federal issue that is actually disputed, (iii) there is not a substantial federal interest, and (iv) the balance of federal and state judicial responsibilities favors state court.
>
> *A. Preemption*
>
> The doctrine of complete preemption recognizes that "federal law can so completely preempt a field of state law that the plaintiff's complaint must be recharacterized as stating a federal cause of action." *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1161 (5th Cir. 1989). This exception to the well-pleaded complaint rule "applies only in extraordinary circumstances when Congress intends not only to preempt certain state law, but to replace it with federal law." *Cyr v. Kaiser Found. Health Plan of Texas*, 12 F.Supp.2d 556, 566 (N.D. Tex. 1998) (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987)). Accordingly, the exception "requires a clearly manifested congressional intent to make causes of action removable to federal court." *Id.* (citing *Aaron*, 876 F.2d at 1163).
>
> The Supreme Court has explained that "once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a

federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393. However, the Supreme Court emphasized that:

> [T]he presence of a federal question...in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule—that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court...a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Id.* at 398-99.

To the extent Defendant argues that federal question jurisdiction is supported by the doctrine of complete preemption, the Court is not persuaded. As set forth in Plaintiff's Motion to Remand, Congress clearly indicated that the Affordable Care Act does not preempt state law. Pl.'s Mot. to Remand p.5. Specifically, 42 U.S.C. § 18041 provides "[n]othing in this title shall be construed to preempt any State law that does not prevent the application of the provisions of this title."

\*\*\*\*

As such, the Court finds further support for its determination that the Affordable Care Act was not enacted to preempt state law. Therefore, the Court finds that the doctrine of complete preemption is not applicable to the matter now before the Court. In the Court's view, Defendant has attempted to assert a federal preemption defense, therein attempting to form the basis of federal question jurisdiction. Accordingly, Plaintiff's Motion to Remand is **GRANTED** as it relates to issue of preemption.

### B. The Doctrine of Substantial Federal Question Jurisdiction

Under the substantial federal question doctrine, "the question is, does a state-law claim necessarily raise a stated federal

issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Fifth Circuit precedent holds that "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008).[1]

Having reviewed the parties' briefings, the Court is of the opinion that there are no federal issues necessary to the resolution of Plaintiffs' state law claims.

\*\*\*\*

At any rate, 42 U.S.C. § 18041 provides that "[n]othing in this title shall be construed to preempt any State law that does not prevent the application of the provisions of this title."

*Texas Med. Res., LLP v. Molina Healthcare of Texas, Inc.*, No. 3:18-CV-2784-C, 2019 WL 363178, at \*2-4 (N.D. Tex. Jan. 2, 2019).

## IV. Conclusion

Because Plaintiffs' claims are not preempted by ACA, the Court **GRANTS** Motion to Remand by Plaintiffs. ECF 5. Plaintiffs' request for costs, expenses and attorney's fees incurred as a result of the removal pursuant to 28 U.S.C. §1447 on the basis that CareSource's Notice of Removal has no legitimate legal support is **DENIED**.

The **CLERK** is **ORDERED** to **REMAND** the instant action to Montgomery County Court of Common Pleas.

---

1 Sixth Circuit precedent is similar. See *Mikulski v. Centerior*, 501 F.3d 555, 568 (6th Cir. 2007)

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 11, 2019.

/s/ Thomas M. Rose
                                      _____
                                              THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE